IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CZAPIEWSKI and
ROBERT CIARPAGLINI,

                              Plaintiffs,

    v.

MICHAEL THURMER, MICHAEL MEISNER,
DON STRAHOTA, KATHYRYN ANDERSON,
BYRAN BARTOW, AMY FREEMAN and
SARAH DONOVAN,

                              Defendants.

ORDER

07-C-549-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case has been assigned to me following entry of an order dated November 5, 2007, in which the Hon. John C. Shabaz recused himself. A review of the complaint reveals that it must be dismissed with respect to plaintiff Robert Ciarpaglini unless, on or before November 26, 2007, Ciarpaglini pays the $350 fee for filing this action as required by Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004)(each prisoner plaintiff in group complaint responsible for paying full filing fee). Plaintiff Ciarpaglini is aware that he is not eligible to proceed in forma pauperis in this action because he is subject to the three strikes bar described in 28 U.S.C. § 1915(g), and because the action does not allege facts from which

1

an inference may be drawn that Ciarpaglini is in imminent danger of serious physical harm. The only allegations pertaining to Ciarpaglini in the complaint are that he wishes to assist other inmates with their legal work and that defendants have issued a directive forbidding him from giving other inmates legal assistance. In Ciarpaglini's view, these orders are unconstitutionally vague and overbroad and violate his First Amendment rights.

Furthermore, the complaint will be dismissed with respect to plaintiff David Czapiewski unless, on or before November 26, 2007, plaintiff Czapiewski submits an amended complaint in his own hand and advises the court that he is prepared to prosecute the case without plaintiff Ciarpaglini's assistance. The complaint presently on file in this case is written in Ciarpaglini's hand. It is thus subject to dismissal under Kuruc v. Fiedler, 93-C-324-C (W.D. Wis. Dec. 14, 1993), in which I held that plaintiff Ciarpaglini may not file any action in this court on behalf of any other inmate. Thus, even if plaintiff Ciarpaglini pays the fee for filing his action and plaintiff Czapiewski files an amended complaint in his own hand, I will sever the actions and plaintiff Czapiewski will be required to prosecute his claims by himself without plaintiff Ciarpaglini's help.

Finally, I note that after plaintiff David Czapiewski paid the $350 fee for filing his action, Judge Shabaz directed that the clerk issue summonses to the plaintiffs and that plaintiffs serve their summons and complaint on the defendants. However, Judge Shabaz did not screen the merits of plaintiffs' claims as 28 U.S.C. § 1915A directs. Therefore, I am

2

sending a copy of this order to Assistant Attorney General Corey Finklemeyer so that he can advise the assistant attorney general assigned to represent the defendants in this case that defendants need not file an answer to the complaint at this time. If plaintiff Ciarpaglini pays the fee for filing his action, I will screen the complaint. If the complaint survives screening, a date will be set within which the defendants against whom plaintiff is allowed to proceed may file their answer. Likewise, if plaintiff Czapiewski files an amended complaint, I will enter an order severing his action from this one and I will screen the amended complaint. If the amended complaint survives screening, I will arrange for informal service of process on the defendants against whom Czapiewski is allowed to proceed and the answer of those defendants will be due within the time permitted under the terms of that agreement.

ORDER

IT IS ORDERED that

1. On or before November 26, 2007, plaintiff Robert Ciarpaglini is to pay a $350 fee for filing his action in this case. If, by November 26, 2007, plaintiff Ciarpaglini does not pay the full filing fee, this case will be dismissed as to him. Nevertheless, he will continue to owe the fee and he must pay it in full when he has the funds to do so or in installments in accordance with 28 U.S.C. § 1915(b)(2).

2. On or before November 26, 2007, plaintiff David Czapiewski is to submit an

amended complaint in his own hand and advise the court that he is prepared to prosecute the case without plaintiff Ciarpaglini's help. If, by November 26, 2007, plaintiff Czapiewski fails to comply with this order, the action will be dismissed as to him.

    3. If either plaintiff satisfies the directives in this order, he is to refrain from filing additional papers in his case until I have screened his complaint under 28 U.S.C. § 1915A and, if appropriate, issued an order permitting him to proceed further his action.

    4. Through a copy of this order, I am advising Assistant Attorney General Corey Finkelmeyer that no defendant is required to file an answer to the complaint filed in this case until I have granted one or both of the plaintiffs permission to proceed after screening their complaints in accordance with 28 U.S.C. § 1915A.

    Entered this 7th day of November, 2007.

                                         BY THE COURT:
                                         /s/
                                         BARBARA B. CRABB
                                         District Judge