IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CZAPIEWSKI,

                          Plaintiff,

     v.

BYRAN BARTOW, AMY FREEMAN and
SARAH DONOVAN,

                          Defendants.

OPINION AND ORDER

07-cv-549-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action brought under 42 U.S.C. § 1983, plaintiff David Czapiewski contends that defendants Amy Freeman and Sara Donovan violated his First Amendment right to free speech by monitoring and recording his attorney phone call and defendant Byran Bartow violated his first amendment right to free speech by failing to train defendants Freeman and Donovan. Now before the court is defendants' uncontested motion for partial summary judgment. Defendants contend that plaintiff failed to exhaust his administrative remedies related to his claim against defendant Bartow as required by 42 U.S.C. § 1997e(a).

Defendants' motion raises the question whether the inmate complaint that plaintiff filed gave defendants fair warning that plaintiff was complaining about defendant Bartow's alleged failure to train defendants Donovan and Freeman. Defendants concede that plaintiff

filed two complaints related to his contention that defendants Freeman and Donovan monitored his phone call with his attorney, but contend that they are entitled to summary judgment because plaintiff filed no inmate complaints "regarding" plaintiff's claim against Bartow.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court.  To meet the exhaustion requirement of § 1997e(a), a prisoner's grievance must afford the prison grievance system "a fair opportunity to consider the grievance," which requires generally that the grievant "compl[y] with the system's critical procedural rules."  Woodford v. Ngo, 126 S.Ct. 2378 (2006).  The level of specificity a prisoner must provide to satisfy this requirement is determined by what the administrative system requires.  Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002).  An administrative system may impose pleading requirements more strict than mere "notice-pleading."  Id.  In Strong, the court identified the "default" rule for sufficient notice:

> When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.  As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief.  All the grievance need do is object intelligibly to some asserted shortcoming.

Strong, 297 F.3d at 650.  A review of the Wisconsin Administrative Code reveals that it contains few content-related requirements for inmate complaints. Wis. Admin. Code § DOC 310.09(1) requires the inmate to type or write the complaint legibly, to sign the complaint, to refrain from using abusive or obscene language, to file the complaint under his assigned

name and to "clearly identify" a single issue as the subject of the complaint. Nothing in the Wisconsin Administrative Code requires an inmate to name all individuals responsible for the issue identified in the complaint or identify each possible legal theory related to an "issue." As I noted in Freeman v. Berge, 283 F. Supp. 2d 1009, 1013 (W.D. Wis. 2003), the term "issue" as used in § DOC 310.09(1)(e) has not been construed in case law, but appears to mean *factual* issues, not *legal* issues. Because the Wisconsin administrative system does not require names or legal theories to provide notice of a claim, the Strong default rule applies.

Basic notions of fairness support the conclusion that an inmate need not identify responsible individuals or legal theories related to an incident in every case. In most instances, it is not necessary to identify the responsible parties in an inmate complaint to achieve the purpose of administrative exhaustion, which is to give prison officials a chance to resolve the complaint without judicial intervention. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537-38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation"). Moreover, as I have noted before, a requirement that an inmate name names in all cases would likely be invalid unless the inmate is provided a right to engage in timely discovery. Freeman v. Berge, 2004 WL 1774737, *4, Case No. 03-C-0021-C (W.D. Wis. July 28, 2004) (citing Strong, 297 F.3d at 649). For similar reasons, a requirement that inmates identify every possible legal theory in his inmate complaint would be unfair and possibly invalid.

In this case, defendants argue that neither of the two complaints that plaintiff filed provided defendants with the notice necessary to exhaust plaintiff's claim against defendant Bartow for failure to train. However, plaintiff's complaints put defendants on notice that plaintiff was concerned with defendants Freeman's and Donovan's behavior. Although plaintiff did not "lay out the facts, articulate legal theories" or name all potentially responsible parties related to that behavior, Strong does not require him to do so. His complaints identified the core issue; from them, defendants could have discovered any possible wrongdoing related to defendants Freeman's and Donovan's decision to monitor plaintiff's attorney phone call, including their supervisor's failure to train them.

Because plaintiff filed inmate complaints objecting to defendants Freeman's and Donovan's decisions to monitor his attorney phone call and properly appealed those complaints, he has exhausted his administrative remedies for the failure to train claim. Therefore, defendants' motion for summary judgment will be denied.

ORDER

IT IS ORDERED that the motion for partial summary judgment filed by defendants

Byran Bartow, Amy Freeman and Sarah Donovan (dkt. #33) is DENIED.

Entered this 1st day of July, 2008.

                                BY THE COURT:

                                /s/ Barbara B. Crabb
                                BARBARA B. CRABB
                                District Judge